```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|                          |   |                              |
|--------------------------|---|------------------------------|
| FISERV CLEARING INC.     | : |                              |
|                          | : |                              |
| v.                       | : | Civil Action No. DKC 2006-0168 |
|                          | : |                              |
| SHELDON CONTRACT, ET AL. | : |                              |
|                          | : |                              |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this breach of contract case is Defendant's Motion to Vacate Attachment Before Judgment. Before resolving that motion, however, the court examines its own jurisdiction and will issue a show cause order directing the parties to brief whether this case was properly removed from the Circuit Court.

**I. Background**

Plaintiff, Fiserv Clearing, Inc., filed a complaint in the Circuit Court for Montgomery County against Sheldon L. Contract, Sheldon L. Contract IRA, and The Sheldon L. Contract DDS P.A. Employees PSP, Dated 9/17/87, alleging fraudulent conveyance. Prior to service of the complaint, Plaintiff filed a Request for Writ of Attachment Before Judgment, based on Md. Code Ann., Cts. & Jud. Proc. § 3-303(e)(1). The Circuit Court granted the writ, ex parte, and notice was sent to the parties.

Defendants removed the action to this court on the basis of ERISA preemption.[1]  Specifically, they assert that the provisions of 29 U.S.C. § 1144(a) preempt any contrary provision of state law. They now move to vacate the attachment, asserting that Plaintiff is not entitled to a prejudgment attachment under Maryland law. Alternatively, they seek an order requiring Plaintiff to post a bond in excess of the $10,000 bond ordered by the state court.

Plaintiff's complaint alleges that FISERV Securities, Inc. (Plaintiff's assignor) brought suit against the PSP based on an overdue margin account.  Judgment was entered against the PSP in the amount of $ 855,784.11, with interest from May 31, 2002, at 8%, plus attorneys fees of $ 7,170.05, also with interest.  Plaintiff registered the judgment in the Circuit Courts for Prince George's and Montgomery County.  On May 25, 2005, Plaintiff served Contract with a notice of judgment creditor's deposition and request for production of documents.  Contract failed to attend the deposition and Plaintiff filed a petition for contempt.  An opposition was filed.  A hearing was set for October 14, 2005.

Plaintiff further alleges that, in or around, August of 2005, approximately $ 1,000,000 in assets were transferred from the PSP

---

[1] Defendants also state that removal jurisdiction exists under 28 U.S.C. § 1332, but that assertion is incorrect. As to diversity removal jurisdiction, under 28 U.S.C. § 1441 (b), "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  All defendants are citizens of Maryland and may not remove on the basis of diversity.

2

to the IRA and the PSP was insolvent after the transfer.  Both accounts were maintained at A.G. Edwards & Sons, Inc.  Plaintiff alleges that there was no consideration for the transfer and that the transfer was performed solely to defraud the creditors, specifically FISERV.

**II. Jurisdiction**

The court must first examine its own jurisdiction.  Removal was predicated on ERISA preemption because Defendants maintain that a provision of ERISA (29 U.S.C. § 1056(d)(1)) protects the assets from attachment or other process.  To determine whether removal is proper based on ERISA pre-emption, it is necessary to distinguish between the doctrines of ordinary conflict pre-emption and complete pre-emption.  *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370-71 (4th Cir. 2003).  Under the doctrine of conflict pre-emption, state laws that conflict with federal laws are pre-empted, and pre-emption is asserted as a federal defense to the plaintiff's state court law suit.  *Id*.  Because conflict pre-emption is a "defense," it does not generally appear on the face of a plaintiff's complaint, and thus is not the proper basis for removal to federal court.  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Sonoco*, 338 F.3d at 371.

Conversely, with complete pre-emption, there is a basis for federal jurisdiction:

> In the case of complete preemption, however, Congress "so completely pre-empt[s] a

3

> particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63-64, 107 S.Ct. 1542. That is to say, the doctrine of complete preemption "converts an ordinary state common law complaint into one stating a federal claim." *Id*. at 65, 107 S.Ct. 1542. Thus, the doctrine of complete preemption serves as a corollary to the well-pleaded complaint rule: because the state claims in the complaint are converted into federal claims, the federal claims appear on the face of the complaint. *Id*. at 63-65, 107 S.Ct. 1542.

*Darcangelo v. Verizon Commc'ns Inc.*, 292 F.3d 181, 187 (4th Cir. 2002).

The Fourth Circuit clarified the role each pre-emption doctrine plays in the ERISA context:

> [T]he doctrines of conflict preemption and complete preemption are important, and they are often confused. Section 514 of ERISA defines the scope of ERISA's preemption of conflicting state laws: state laws are superceded insofar as they "relate to" an ERISA plan. 29 U.S.C. § 1144(a). The fact that a state law claim is "preempted" by ERISA – i.e., that it conflicts with ERISA's exclusive regulation of employee welfare benefit plans – does not, however, provide a basis for removing the claim to federal court. The only state law claims properly removable to federal court are those that are "completely preempted" by ERISA's civil enforcement provision, § 502(a). [29 U.S.C. § 1132(a)]. *Darcangelo*, 292 F.3d at 187 (emphasizing that the civil enforcement provision "completely preempts state law claims that come within its scope and converts these state claims into federal claims under § 502"); *see also Taylor*, 481 U.S. at 65-66, 107 S.Ct. 1542 (same).

*Sonoco*, 338 F.3d at 371 (footnote omitted).

4

There are three requirements for a state law claim to be completely pre-empted, and thus, properly removed:

> (1) the plaintiff must have standing under § 502(a) to pursue [the] claim; (2) [the] claim must "fall[] within the scope of an ERISA provision that [plaintiff] can enforce via § 502(a)"; and (3) the claim must not be capable of resolution "without an interpretation of the contract governed by federal law," i.e., an ERISA-governed employee benefit plan.

*Sonoco*, 338 F.3d at 372 (quoting *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996)).

### III. Analysis

Defendants contend that Plaintiff's claim is preempted by ERISA, not because Plaintiff has a viable ERISA claim, but only because an ERISA provision prohibits attachment of benefits. Thus, Defendants rely on ERISA in a defensive posture only. Defendants will have to show cause why this case should not be remanded to the Circuit Court.

/s/
DEBORAH K. CHASANOW
United States District Judge