IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FISERV CLEARING, INC.

v. : Civil Action No. DKC 2006-0168

SHELDON CONTRACT, ET AL.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this breach of contract case is Defendants' Motion to Vacate Attachment Before Judgment. (Paper 9). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court will deny Defendants' motion, but will grant their request that Plaintiff be required to post a bond in excess of $10,000.

**I. Background**

Plaintiff, Fiserv Clearing, Inc., filed a complaint in the Circuit Court for Montgomery County against Sheldon L. Contract, Sheldon L. Contract IRA, and The Sheldon L. Contract DDS P.A. Employees PSP, Dated 9/17/87 (the "PSP"), alleging fraudulent conveyance. (Paper 2). Prior to service of the complaint, Plaintiff filed a Request for Writ of Attachment Before Judgment, based on Md. Code Ann., Cts. & Jud. Proc. § 3-303(e)(1), seeking to attach "any property or credits belonging to" the three defendants maintained at A.G. Edwards & Sons, Inc. (Paper 6). The Circuit Court granted the writ, ex parte, and entered the order proposed by

Plaintiff. A writ of garnishment was issued and served on A.G. Edwards. (Paper 7). A.G. Edwards filed an answer, reciting that it is not indebted to Defendants, but maintains property in accounts in which Sheldon L. Contract may have an interest, specifically A.G. Edwards & Sons Custodian for Sheldon L. Contract IRA Account (2179-0969), then valued at approximately $1,108,030.39, Sheldon L. Contract DDS PA Employee Profit Sharing Plan and Trust U/A DTD 10/1/86 (2179-1032), with no value, and Sheldon L. Contract and Harriet Contract Joint Account (2179-0978), valued at $15,600.12. (Paper 10).

On January 20, 2006, Defendants removed the action to this court on the basis of federal question (ERISA pre-emption) and diversity jurisdiction. (Paper 1). Defendants asserted that the provisions of 29 U.S.C. § 1144(a) pre-empt any contrary provision of state law. They now move to vacate the attachment, asserting that Plaintiff is not entitled to a prejudgment attachment under Maryland law. Alternatively, they seek an Order requiring Plaintiff to post a bond in excess of the $10,000 bond ordered by the state court. (Paper 9).

Plaintiff's complaint alleges that FISERV Securities, Inc. (Plaintiff's assignor) filed a claim against the PSP based on an overdue margin account. Judgment was entered in the United States District Court for the Southern District of New York against the PSP in the amount of $ 855,784.11, with interest from May 31, 2002,

at 8%, plus attorneys fees of $ 7,170.05, also with interest. Plaintiff registered the judgment in the circuit courts for Prince George's and Montgomery County. On May 25, 2005, Plaintiff served Contract with a notice of judgment creditor's deposition and request for production of documents. Contract failed to attend the deposition and Plaintiff filed a petition for contempt. An opposition was filed. A hearing was set for October 14, 2005.

Plaintiff further alleges that, in or around, August of 2005, approximately $ 1,000,000 in assets were transferred from the PSP to the IRA and the PSP was insolvent after the transfer. Both accounts were maintained at A.G. Edwards & Sons, Inc. Plaintiff alleges that there was no consideration for the transfer and that the transfer was performed solely to defraud the creditors, specifically FISERV.

**II. Jurisdiction**

On April 5, 2006, the court ordered Defendants to show cause why this case should not be remanded to state court. (Paper 26). In its memorandum opinion (paper 25), the court discussed the difference between conflict pre-emption and complete pre-emption, and explained that in order for removal to be proper based on ERISA pre-emption, Plaintiff's claim must be completely pre-empted. The court noted that Defendants relied on ERISA in a defensive posture only, thus implicating the doctrine of conflict pre-emption, which does not provide a valid basis for removal. The court also noted

that although Defendants asserted that removal was proper on the basis of diversity jurisdiction, the assertion was incorrect because, pursuant to 28 U.S.C. § 1441(b), the action is removable only if none of the defendants is a citizen of the state of Maryland, and all Defendants are citizens of Maryland.

Defendants responded to the show cause Order on April 21, 2006. (Paper 30). In their response, Defendants do not argue that the removal was proper based on ERISA pre-emption. Instead, they re-assert that removal was proper based on diversity jurisdiction, notwithstanding the fact that all Defendants are from Maryland. Defendants maintain that the "forum defendant rule" of § 1441(b) is not jurisdictional, and that if a plaintiff does not file an objection to removal within the 30-day time period provided for in 28 U.S.C. § 1447(c), the rule is waived. Plaintiff asserts that ERISA pre-emption does not provide a proper basis for removal, and that the court does not have diversity jurisdiction.[1]

Plaintiff did not object to the removal within 30 days. Accordingly, if the issue is not jurisdictional, Plaintiff has waived the application of the forum defendant rule and the case is properly before this court. Defendants correctly point out that

---

[1] Although it appears that Plaintiff argues that the forum defendant rule cannot be waived because the issue is one of this court's subject matter jurisdiction, Plaintiff also states that there is not diversity. Plaintiff is a Pennsylvania corporation, and all Defendants are from Maryland. Accordingly, there is complete diversity.

the United States Court of Appeals for the Fourth Circuit has not yet had occasion to address the issue of whether the forum defendant rule is jurisdictional. However, the majority of the Courts of Appeal that have considered the issued have concluded that § 1441(b)'s forum defendant rule is *not* jurisdictional. In *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 379-80 (7th Cir. 2000), *cert. denied*, 531 U.S. 1148 (2001), the United States Court of Appeals for the Seventh Circuit held that the forum defendant rule was non-jurisdictional and could be waived. In support of its ruling, the court first noted the shared theme in several Supreme Court decisions that considered defects in diversity jurisdiction – the idea that "as long as the court's jurisdiction is proper at the time of trial and judgment, the case need not be dismissed because of an earlier jurisdictional problem." *Id*. at 379-80 (discussing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996), *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989)). The court in *Hurley* explained that the problem facing it - removal where there was complete diversity but where there was a forum defendant- was much less troubling than the situation presented in *Caterpillar, Inc.* and *Newman-Green, Inc.* In those cases, there were issues with the subject matter jurisdiction of the federal court at the time of removal - that is, when the case was removed, there was not

complete diversity among the parties.[2] Nevertheless, the Supreme Court concluded that dismissal still was not mandated where the jurisdictional flaws were corrected during the pendency of the case.

In further support for its holding, the court in *Hurley* noted that "[t]he policy behind the forum defendant rule also supports the nonjurisdictional characterization." The court explained:

> The rule is designed to preserve the plaintiff's choice of a (state) forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party. After removal, if the plaintiff wants to remain in state court, she can file a timely motion for remand. Under the circumstances, it seems that the only purpose that would be served by declaring the forum defendant rule jurisdictional would be to preserve for plaintiffs rights that the plaintiffs themselves failed to assert.

---

[2] In *Caterpillar, Inc.*, 519 U.S. at 73, at the time of removal there was not complete diversity among the parties. However, all claims concerning the nondiverse defendant settled and that party was dismissed before trial began. The Court held that the *jurisdictional* defect was cured as complete diversity was established before the trial commenced. The Court stated that, in light of the strong interests in finality, efficiency, and judicial economy, the failure to meet 28 U.S.C. § 1441(a)'s requirement that the case be fit for federal adjudication at the time of removal did not require dismissal of the case. In *Newman-Green, Inc.*, 490 U.S. 826, the case had proceeded to judgment in the district court while a non-diverse defendant still was a party. The jurisdictional defect was not noticed until the case was on appeal. The Supreme Court held that Fed.R.Civ.P. 21 allows both the district court and the courts of appeal to dismiss a dispensable party whose presence destroys diversity jurisdiction, even at that late point in the proceedings. *Id*. at 833-37.

*Hurley*, 222 F.3d at 380. The court concluded that because the case could have been brought in federal court initially, and plaintiff had not objected to removal within 30 days, it was proper to reach the merits. *Id*.

Many other courts of appeal have reached the same conclusion. *See Korea Exch. Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3rd Cir. 1995) ("[A]n irregularity in the removal of a case to federal court is to be considered 'jurisdictional' only if the case could not initially have been filed in federal court."); *In re Shell Oil Co*, 932 F.2d 1518, 1523 (5th Cir. 1991) (concluding that improper removal pursuant to § 1441(b) is a waivable removal defect), *cert. denied sub nom. Acuna Castillo v. Shell Oil Co.*, 502 U.S. 1049 (1992); *Farm Constr. Servs., Inc. v. Fudge*, 831 F.2d 18, 21-22 (1st Cir. 1987) (affirming the judgment of the district court where the removal of the case by the forum defendants was "technically inappropriate," but there was complete diversity among the parties and the amount in controversy requirement was met, and plaintiff had proceeded in federal court without objection); *Borg-Warner Leasing v. Doyle Elec. Co.*, 733 F.2d 833, 835 n.2 (11th Cir. 1984) (noting that because the action fell within the original diversity jurisdiction of the federal district court, any procedural defect under the removal statute occurring from the removal of an entire action where the original defendants were from the forum state but there was a third-party claim against a non-forum defendant, was

waivable by the parties), *cert. denied*, 475 U.S. 1140 (1986); *Am. Oil Co. v. McMullin*, 433 F.2d 1091, 1093 (10th Cir. 1970) (noting that the plaintiff can waive improper removal where the requirements of § 1441 were not met); *Woodward v. D.H. Overmyer Co.*, 428 F.2d 880, 882-83 (2nd Cir. 1970) (allowing for waiver of objection to removability where a forum defendant removed the case in the first instance but the plaintiff did not make a timely request to remand), *cert. denied*, 400 U.S. 993 (1971); *Handley-Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435, 437 (6th Cir. 1924) (retaining jurisdiction over the case where "although the case was not technically removable under the statute," because a forum defendant had removed the action, "the court yet had jurisdiction over the subject-matter of the controversy, and the parties had fully consented to the federal jurisdiction and acted thereunder." *See also State Farm Mut. Auto. Ins. Co. v. Smith*, 342 F.Supp.2d 541, 542 n.1 (W.D.Va. 2004) (holding that although the case was not properly removed because some of the defendants were residents of the forum state, the defect is deemed waived because no timely motion to remand was filed); *Ravens Metal Prods, Inc. v. Wilson*, 816 F.Supp. 427, 428-29 (S.D.W.Va. 1993) (noting that "courts and commentators addressing the precise question have uniformly held that a defendant's residency in the forum state is a waivable procedural defect" and denying the plaintiff's motion to remand based on the forum defendant rule where the plaintiff did not

object within 30 days). *But see Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1145 (8th Cir. 1981) (holding that if the requirements of § 1441(b) are not met, "the district court has no jurisdiction").

The overwhelming weight of authority concludes that the forum defendant rule is procedural, and not jurisdictional. Plaintiff did not object to the removal within 30 days, and therefore has waived its right to do so. Because there is complete diversity among the parties and the amount in controversy requirement is met, this court has subject matter jurisdiction over the case.

**III. Motion to Vacate the Attachment Order**

As noted, while this case was pending in state court, the court granted Plaintiff's Request for Writ of Attachment Before Judgment, based on Md. Code Ann., Cts. & Jud. Proc. § 3-303(e)(1). Defendants now move to vacate the attachment Order. Defendants argue that Plaintiff is not entitled to a prejudgment attachment because it cannot satisfy the preconditions for attachment under Maryland law. Defendants assert that, pursuant to 29 U.S.C. § 1056(d)(1), a provision of ERISA, pension plan benefits are immune from assignment or alienation and that alienation includes any attempt to enforce a judgment against the benefits of a plan beneficiary, regardless of the fact that Plaintiff has a judgment against the plan itself. Defendants contend that Dr. Contract's election to rollover his vested PSP benefits into an IRA was not a

fraudulent conveyance in that Plaintiff could not have enforced the judgment against Dr. Contract's benefits even if the benefits remained in the PSP and were not transferred to the IRA. Defendants also assert: "Dr. Contract hereby formally claims the exemption in his Benefits provided for in 29 U.S.C. § 1056(d)(1) and in the IRA provided for in Md. Cts. & Jud. Proc. § 504(h) and b(5) and (f)." (Paper 9 at 4).

Plaintiff first asserts that the PSP is not a qualified ERISA plan because Dr. Contract was the only employee who was entitled to receive benefits. Plaintiff states that ERISA and its accompanying regulations assume that there be at least two different entities involved in a qualified plan - the employer or employer organization and the employees. Courts following the statute's plain language have required that, for a plan to be qualified under ERISA, it must have at least one employee who is not the owner. Plaintiff contends that, because Dr. Contract was the sole beneficiary and was the owner/employer, the PSP is not a qualified ERISA plan. Second, Plaintiff asserts that even if the PSP is covered by ERISA, employee benefit plans may be sued and garnished pursuant to 29 U.S.C. § 1132(d)(1). Third, Plaintiff contends that ERISA does not protect the IRA, because IRAs are excluded from § 1056(d)'s anti-alienation protection. Fourth, Plaintiff asserts that Defendants are not entitled to an exemption under Md. Code Ann., Cts. & Jud. Proc. § 504(h) and b(5) and (f). Plaintiff

maintains that the exemptions found in § 11-504(b)(5) and (f) are not applicable and in any event involve minimal sums of money. With regard to § 504(h), Plaintiff asserts that, to the extent the exemption protects the IRA, the transfer of money to the IRA was fraudulent and the transaction should be set aside. Therefore, the exemption is inapplicable to assets held by the PSP. Plaintiff also argues that to the extent that the $1,000,000 rollover amount exceeded the $4,000 deductible amount allowed under the Internal Revenue Code, pursuant to § 11-504(h)(4), the amount is not exempt from claims against it. Plaintiff concludes that the attachment should not be set aside because Defendants have demonstrated a willingness to avoid paying the judgment by fraudulently conveying assets to the IRA and because Plaintiff is likely to succeed in the fraudulent conveyance action.

In the reply memorandum, Defendants provide additional argument as to why the PSP is a qualified ERISA plan. Defendants assert that ERISA does not require an employee/beneficiary every day that the plan is in effect, but only that a single employee was not hired solely to qualify the pension plan. Moreover, Defendants assert that employees other than Dr. Contract have been plan beneficiaries and have received distributions in the past, and that currently, the plan has four participants, Dr. Contract and three others. Defendants concede that although ERISA pension plans may sue and be sued, that judgments against the plan are not

enforceable against the beneficiary's benefits and these benefits cannot by garnished or attached. Defendants reiterate that there could not have been a fraudulent conveyance because Plaintiff could not have enforced the judgment against the $1,000,000 in vested benefits, even if the money remained in the PSP. Finally, Defendants assert that Maryland state law protects the IRA, regardless of the amount Dr. Contract rolled over.

Pursuant to Md. Code Ann., Cts. & Jud. Proc. § 3-303(e)(1), an attachment before judgment may issue if "the debtor is about to assign, dispose of, conceal, or remove his property or a portion of it from the State with intent to defraud his creditors." Plaintiff requested a writ of attachment before judgment based on the fact that, after Plaintiff registered the judgment against the PSP in state court, Dr. Contract removed funds from the PSP and put them into the IRA, rendering the PSP insolvent. Plaintiff argued in the request that "in the absence of attachment before judgment there is nothing preventing the Defendants from subsequent transfers to avoid the judgment." Based on these alleged actions, the state court granted Plaintiff's request.

Maryland Rule 2-115 provides that the court *may* release some or all of the attached property if it finds that, among other things, "the plaintiff fails to demonstrate the probability of success on the merits." There is no dispute that the PSP can be sued pursuant to 29 U.S.C. § 1132. To the extent that the

$1,000,000 initially held in the PSP is not protected by ERISA, Plaintiff has a strong argument that Defendants' transfer of those funds constitutes fraud. Under these circumstances, there is a colorable fear that Defendants would complete subsequent transfers to avoid paying Plaintiff.

Whether the funds are protected by ERISA is a complex question. First, the issue is whether the PSP is a qualified ERISA plan. Assuming the PSP is qualified, there are both factual and legal determinations as to whether the transferred funds were protected under ERISA. At this juncture, the issues are far too close to determine that Plaintiff cannot or will not succeed on the merits. Moreover, the parties have filed cross motions for summary judgment, providing additional argument and proffering evidence in support of their respective positions on whether ERISA protects the transferred funds and the nature of the conveyance from the PSP to the IRA. Although briefing is not complete on these motions, the information and arguments provided therein will further illuminate and guide the court on these complex issues. Accordingly, the court will deny Defendants' motion to vacate the attachment Order. Once the court decides the motions, if the case is not fully resolved, the attachment issue can be revisited.

Because the court will deny Defendants' motion to vacate, it must address Defendants' request that Plaintiff be required to post a bond in excess of $10,000, as ordered by the state court judge. Defendants argue that the benefits currently held in the IRA consist of stocks and other marketable securities, and that the

value “could well fall dramatically” during the period in which Dr. Contract cannot access the IRA. Defendants request that the court order Plaintiff to post a bond “of at least $300,000” in order to protect Dr. Contract “from the vagaries of the market while this matter is being litigated.” (Paper 9, at 4). Defendants’ argument has some merit, given the value of the accounts, although the ability to avoid market setbacks is somewhat speculative. Accordingly, the court will require Plaintiff to post a bond in the increased amount of $100,000.

/s/
DEBORAH K. CHASANOW
United States District Judge